UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JOSHUA JAMES HILL,

      Plaintiff,

v.

CACHE COUNTY COURT'S-LOGAN;
DAVID C. MARX; CACHE COUNTY
POLICE AGENCIES,

      Defendants.

Case No. 1:25-cv-00195-AKB

**INITIAL REVIEW ORDER BY
SCREENING JUDGE**

Pending before the Court is Plaintiff Joshua James Hill's Application to Proceed In Forma Pauperis (Dkt. 1) and Complaint (Dkt. 2). Having reviewed the record and Hill's submissions, the Court finds that the facts and legal arguments are adequately presented, and that oral argument would not significantly aid its decision-making process, and it decides the motions on Hill's briefing. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B); *see also* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."). For the reasons set forth below, the Court denies Hill's in forma pauperis application and dismisses his complaint without prejudice for lack of jurisdiction.

## I.    BACKGROUND

Hill, who is pro se, filed this action against Cache County Courts, David C. Marx, and Cache County Police Agencies (Defendants) alleging violations of Hill's Fourth, Eighth, and Fourteenth Amendment rights (Dkt. 2 at 3). He claims that "the cops stalk me and attack me" (*id.*

at 4) and that "police stalking victim (Joshua Hill) the police rape + assault" (Dkt. 2-1 at 1). Hill

seeks $2,000,000 in compensatory damages (*id.*) and injunctive relief (Dkt. 2 at 4).

## II.    APPLICATION TO PROCEED IN FORMA PAUPERIS

Any party instituting a civil action in a federal district court is required to pay a filing fee.

28 U.S.C. § 1914. On application, however, a party may proceed in forma pauperis. *Id.* § 1915.

The Court "may authorize the commencement, prosecution or defense of any suit, action or

proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor."

*Id.* § 1915(a)(1). To qualify for in forma pauperis status, a plaintiff must submit an affidavit that

includes a statement of all assets he possesses and that indicates he is unable to pay the fee required.

*Id.* The affidavit is sufficient if it states that the plaintiff, because of his poverty, cannot "pay or

give security for the costs" and still be able to provide for himself and dependents the "necessities

of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). The affidavit must

"state the facts as to affiant's poverty with some particularity, definiteness and certainty." *United*

*States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation modified).

The Court has reviewed Hill's in forma pauperis application, which reports that Hill

receives a total of $1,350 in average monthly income from gifts (Dkt. 1 at 2–3). Hill reports average

monthly expenses of $1,350 (*id.* at 5–6). Hill also reports having no assets (*id.* at 4). Therefore, in

an average month, Hill has roughly $0 in income after paying his monthly expenses. Hill wrote on

his application "that [his] income is $11,550 dollars a year" (*id.* at 6), yet the amount he wrote

under total monthly income would result in approximately $16,200 per year (*id.* at 3). Because

Hill has not provided sufficient information to demonstrate his poverty, the Court denies his

application to proceed in forma pauperis without prejudice. The Court grants Hill leave to resubmit

a complete application within thirty days of issuance of this order or to pay the full filing fee. Any amended application should contain credible or plausible information regarding Hill's income, expenses, assets, and other factors bearing on his ability to pay the filing fee.

### III.    SUFFICIENCY OF COMPLAINT

The Court is required to screen complaints brought by litigants who proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2). The Court must dismiss a plaintiff's complaint, or any portion thereof, if it is (1) frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. *See id.* § 1915(e)(2)(B)(i)–(iii). To state a claim upon which relief can be granted, a plaintiff's complaint must include facts sufficient to establish a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A complaint fails to state a claim for relief under Rule 8 of the Federal Rules of Civil Procedure if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Although Rule 8 "does not require detailed factual allegations, [] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citation modified). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (citation modified).

During this review, courts generally construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—whether represented or not—have the burden of articulating their claims clearly and alleging facts sufficient to support review of each claim. *See Pena v. Gardner*, 976 F.2d 469, 471

(9th Cir. 1992). Additionally, if amending the complaint would remedy the deficiencies, plaintiffs should be notified and provided an opportunity to amend. *See Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003).

Federal courts are courts of limited subject matter jurisdiction. This Court cannot hear Hill's case unless he satisfies the Court that a basis for jurisdiction exists. Federal district courts can hear federal questions, which are claims arising under a federal statute, the federal Constitution, or a federal treaty. 28 U.S.C. § 1331. The Court can also hear cases that qualify for diversity jurisdiction under § 1332, which requires that the parties be citizens of different states and that the amount in controversy be over $75,000.00.

In addition, a federal court must satisfy itself that it has authority to exercise personal jurisdiction over the defendant. Federal due process requires that a nonresident defendant have minimum contacts with the forum state such that the exercise of personal jurisdiction does not offend traditional notions of fair play and substantial justice. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). To avoid dismissal, Hill must make a prima facie showing of jurisdictional facts. *Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir. 1987). Personal jurisdiction over a nonresident defendant exists if: (1) the nonresident defendant has some connection with the forum state; (2) the claim arises out of the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable. *See Data Disc, Inc. v. Sys. Tech. Assoc., Inc*., 557 F.2d 1280, 1287 (9th Cir. 1977).

In addition to jurisdiction, venue must also be proper. Legal actions may be brought only in "(1) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (2) a

judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

## IV.    ANALYSIS

Hill's claim is subject to dismissal for several reasons. First, no facts support personal jurisdiction. Hill has made no assertions that the Cache County Courts, David C. Marx, or Cache County Police Agencies, all located in Utah, have any connection with the state of Idaho that would render them amenable to service under the *International Shoe* standard. Therefore, a federal court in Idaho cannot exercise jurisdiction over them which, in practical terms, means that this Court is without authority to provide an enforceable remedy for Hill.

Second, venue also appears improper. All we know is that Hill lives in Boise, Idaho, and that the Defendants are all in Utah (Dkt. 2 at 4). Hill has not provided facts showing that a substantial part of the events or omissions giving rise to the claim occurred in Idaho or that a substantial part of the property that is the subject of the action is situated in Idaho. Therefore, there appears to be no basis for venue in Idaho.

Third, Hill has not provided sufficient factual allegations to satisfy the *Twombly/Iqbal* standard. Hill's complaint merely states that "the cops stalk me and attack me" (Dkt. 2 at 4), and that "police stalking victim (Joshua Hill) the police rape + assault" (Dkt. 2-1 at 1). These allegations are too vague. Thus, because Hill's complaint as a whole does not comply with Rule 8(a), which requires a short and plain statement of the claim showing that the plaintiff is entitled to relief, transferring the case to a different federal district court would be futile.

Finally, Hill has failed to state a claim. Hill brings his claims against Defendants, alleging violation of the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution

(Dkt. 2 at 3). While Constitutional Amendments themselves do not provide a cause of action, Section 1983 of Title 42 of the United States Code provides a civil remedy against any person who, under color of law, deprives another of rights protected by the Constitution. *Mitchum v. Foster*, 407 U.S. 225, 242 (1972). Thus, because pro se complaints must be liberally construed, *see Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010), the Court construes Hill's complaint as attempting to plead a § 1983 claim.

To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute that is proximately caused by conduct of a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Here, Hill claims his Fourth and Eighth Amendment rights were violated when Defendants "stalk[ed] and attack[ed]" Hill (Dkt. 2 at 4).  Hill's complaint makes only bare and conclusory allegations regarding the Defendants' collective conspiracy activity and fails to identify each Defendant's specific misconduct.

Hill has not provided sufficient facts to state a plausible § 1983 claim because his allegations are vague and amorphous. Further, Hill has not adequately alleged that this Court has jurisdiction to hear his claims. The Court grants Hill leave to amend his Complaint to state further facts. He must provide greater detail about each instance of constitutional violation, including the date and parties involved, and about jurisdiction.

Accordingly, the motion to proceed in forma pauperis is denied, and the case is dismissed without prejudice. Should Hill desire to file an amended complaint based on a valid legal theory, he must do so within thirty days after entry of this Order. If Hill does not amend within thirty days, or if his amendment does not comply with Rule 8, this case will be dismissed without prejudice

without further notice. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## V.    ORDER

**IT IS ORDERED that:**

1.    Hill's Application for Leave to Proceed In Forma Pauperis (Dkt. 1) is **DENIED**. Hill may file an updated in forma pauperis application that includes credible or plausible information regarding his income, expenses, and other factors bearing on his ability to pay the filing fee, or he may pay the full filing fee. Any future in forma pauperis application must be filed within **thirty days** of the issuance of this Order. Failure to submit an updated application or pay the full filing fee within thirty days of this Order will result in dismissal of this case without prejudice and without further notice.

2.    Hill's Complaint (Dkt. 2) is **DISMISSED WITHOUT PREJUDICE** as against **ALL DEFENDANTS**. The Court grants Hill leave to file an Amended Complaint that states a valid legal theory and alleges jurisdiction in this Court. Hill must file his Amended Complaint within **thirty days** of the issuance of this Order. Failure to submit an Amended Complaint within the ordered timeframe will result in full dismissal of this case without prejudice and without further notice.

DATED: December 01, 2025

*Amanda K. Brailsford*

Amanda K. Brailsford
U.S. District Court Judge